BERMAN, S.

MEMO ENDORSED
as modified

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT NEW YORK

ABSOLUTE SOFTWARE, INC., and
ABSOLUTE SOFTWARE CORP.,

        Plaintiffs,

        vs.

BRIGADOON SOFTWARE, INC.

        Defendant.

BRIGADOON SOFTWARE, INC.

        Counterclaimant,

        vs.

ABSOLUTE SOFTWARE, INC., and
ABSOLUTE SOFTWARE CORP.,

        Counterclaim Defendants.

ECF CASE

Case No. 5 CV 3273 (RMB)

Assigned to Judge Richard M. Berman
Magistrate Judge Theodore H. Katz

~~PROPOSED~~ STIPULATED
PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/06



## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

R MB

        Plaintiffs and Counterclaim Defendants Absolute Software, Inc. and Absolute Software Corporation (collectively, "Absolute Software"), and Defendant and Counterclaimant Brigadoon Software, Inc. ("Brigadoon"), assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this litigation. The parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties desire limiting disclosure and preventing use of such information for purposes other than the prosecution and defense of this action. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby

1

stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "Order").

1.    **DEFINITIONS**

   a.    *"Designated Material"* shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, which comprises or contains information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law, or confidential and proprietary information, such as, without limitation, (i) research and development information (including, for example, market and demographic research, and product and advertising development), (ii) commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), (iii) financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures), (iv) business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), (v) personnel information (including, for example, compensation, evaluations and other employment information), and (vi) patent prosecution information (including, for example, present or future patent applications).

   b.    *"Discovery Material"* shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

   c.    *"Document"* shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data

2

compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "writings" or "recordings" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

      **d.** *"Producing Party"* shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material for this action, or one who designates any Discovery Material produced by another party or third party.

      **e.** *"Receiving Party"* shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

**2.**   **CATEGORIES OF DESIGNATED MATERIAL**

      **a.** *Categories.* Any Producing Party or party may mark Designated Material as: (i) "CONFIDENTIAL INFORMATION"; or (ii) "ATTORNEYS' EYES ONLY INFORMATION," if the Producing Party claims in good faith that the Designated Material is of such an extremely sensitive nature that the disclosure of such Designated Material to a Receiving Party would result in competitive or other business injury to it. The parties agree to not use the designation "ATTORNEYS' EYES ONLY INFORMATION" for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

      **b.** *Scope.* The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

      **c.** *Additional Categories.* The parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION) from time to time as necessary. If the parties cannot resolve the

3

issue of whether this Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court by motion or otherwise. Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by the parties or the Court, as the case may be.

3.    **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be made by the Producing Party in the following manner:

a.    *Production.* In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" (or a substantial equivalent, such as "CONFIDENTIAL") or "ATTORNEYS' EYES ONLY INFORMATION" (or a substantial equivalent, such as "ATTORNEYS' EYES ONLY") on each page of the document, and in case of a tangible thing, on the cover, the packing or in any other prominent place on the subject tangible thing, prior to production of the document or tangible thing; if such marking is not practicable in case of a tangible thing, designation shall be made by designating in writing such tangible thing as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," as appropriate, prior to the production.

b.    *Inspection.* In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents made available for inspection shall be considered as marked "ATTORNEYS' EYES ONLY INFORMATION." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL INFORMATION" (or a substantial equivalent, such as "CONFIDENTIAL") or "ATTORNEYS' EYES ONLY INFORMATION" (or a substantial equivalent, such as "ATTORNEYS' EYES ONLY") the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party; and

c.    *Deposition Testimony.* In the case of deposition testimony, transcripts or portions

4

thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION" (or a substantial equivalent, such as "CONFIDENTIAL") or "ATTORNEYS' EYES ONLY INFORMATION" (or a substantial equivalent, such as "ATTORNEYS' EYES ONLY") by the reporter, as the Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the ten (10) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "ATTORNEYS' EYES ONLY INFORMATION." No person shall attend the designated portions of such depositions, unless such person is an authorized recipient of Designated Material under the terms of this Order.

     **d.** In the case of information contained in discovery requests or discovery responses served upon the other side, or in any pleadings or papers filed with the Court (such as briefs, memoranda, affidavits, declarations and the like) designation may be made by prominently marking any page or pages containing the information being so designated "CONFIDENTIAL INFORMATION" (or a substantial equivalent, such as "CONFIDENTIAL") or "ATTORNEYS' EYES ONLY INFORMATION" (or a substantial equivalent, such as "ATTORNEYS' EYES ONLY") as appropriate. If such papers or pleadings are filed with the Court, they shall be filed under seal in accordance with Section 8 of this Order.

**4. CONTESTING THE DESIGNATION**

     **a.** *No Wavier.* No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such

designation.

     **b.**   *Objection*.  Any party may contest a claim of confidentiality.  Any party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, must give outside counsel of record for the Producing Party written notice of its reasons for the objection.  Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, *i.e.*, the Producing Party, but information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be deemed as such until the matter is resolved.

**5.**    **RESTRICTION ON DISCLOSURE AND USE**

     **a.**   *Confidentiality.*  Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

     **b.**   *Maintenance of Designated Material by the Receiving Party.*  Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

     **c.**   *Maintenance of Designated Material by the Producing Party.*  A Producing Party is free to do whatever it desires with its own Designated Material.

**6.**    **ACCESS TO DESIGNATED MATERIAL**

     **a.**   *Access  to  Material  Designated  "ATTORNEYS'  EYES  ONLY INFORMATION."*

     Designated Material marked "ATTORNEYS' EYES ONLY INFORMATION" (or a substantial equivalent, such as "ATTORNEYS' EYES ONLY") shall be available only to the

following persons subject to the terms of paragraph 7:

       (i)    Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees;

       (ii)   Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

       (iii)  Approved consultants or experts, *excluding* employees, officers or directors of a named party, retained by any of the parties or their counsel to consult or testify in the case;

       (iv)  Those identified as the author, drafter or addressee of said document, but only with respect to such document;

       (v)   Those who received the document or information prior to the commencement of this action, or during this action, but only if obtained independent and outside of this action and not in violation of this Order, and only with respect to such document or information;

       (vi)  Third party contractors and their employees involved in document management or copying services for this litigation;

       (vii)  Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

       (viii)  Jury or trial consulting services retained by a party in this action;

       (ix)  Persons who have been retained by a party to provide translation or interpretation from one language to another; and

       (x)   Mock jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of any interest in a named party.

      **b.**    ***Access to Material Designated "CONFIDENTIAL INFORMATION."***

Designated Material marked "CONFIDENTIAL INFORMATION" shall be available

only to:

(i)     Those persons who may have access to materials designated "ATTORNEYS' EYES ONLY INFORMATION" subject to the terms of paragraph 7; and

(ii)     For each side in this litigation, which includes Absolute Software and Brigadoon, three designated employees subject to the terms of paragraph 7. With respect to this subparagraph, the term "employee" shall include current directors, officers and/or employees of the Receiving Party.

7.    **CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

a.    *Consultants, Experts, and Approved Designees.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under paragraph 6(a)(iii), the party shall:

(i)     Serve a notice on the Producing Party, identifying the approved designee, expert or consultant and, in the case of an expert or consultant, the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)     State in such notice the specific Designated Material proposed to be disclosed. In the absence of such specific designation, the notice will be construed as referring to all of the Designated Material of the Producing Party subject to this Order. In the event a specific designation is made, only so much of the Producing Party's Designated Material as is specifically designated shall be disclosed to the intended recipient, unless and until such time as a further notice is given to the Producing Party in the manner set forth in this paragraph, specifying any additional Designated Material to be disclosed.

8

(iii)    Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iv)    The Producing Party shall be entitled to object to such disclosure to the designee, expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such designee, expert or consultant should not receive the Designated Material.

(v)    The parties shall meet and confer within five (5) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection.

(vi)    If the objection is not resolved by the parties, the Producing Party must file and serve a motion to prevent disclosure within ten (10) calendar days after such meet and confer, otherwise, the Producing Party shall be deemed to have withdrawn its objection.

(vii)    In any motion before the Court, the Producing Party shall bear the burden of showing the need for confidentiality and the grounds for its objection.  No disclosure of Designated Material shall be made to the proposed designee, expert or consultant until the parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure.

(viii)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery, unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

**b.**    *Authorization and Acknowledgment.*  Each person hereof (excluding Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form shown in Exhibit A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized    under    paragraphs    6(a)-(b)    to    receive    Designated    Material    marked    as

CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order. Counsel to whom Designated Material is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this action. Upon final termination of this action and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

**8.  PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

**a.  *Designated Material.*** The Designated Material must be filed under seal in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES."

**b.  *Papers Including Designated Material.*** All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 8(a). Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION depending on the contents of the papers being filed. Such papers shall be subject to the terms of this Order.

**9.  REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL**

10

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

a.     All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

b.     Redacted versions of the papers are clearly marked "Public Version – Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

10.    **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in paragraph 6, and to disclose Designated Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

a.     Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, stating therein the specific Designated Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

b.     If no objection to such disclosure is made by outside counsel for the Producing Party within ten (10) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by outside counsel for the Receiving Party, and distributed upon final disposition of this action as set forth in paragraph 15 below.

c.     If, within ten (10) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion, outside counsel for the Receiving Party shall meet and confer with outside counsel for the

11

Producing Party in a good faith effort to resolve their differences.

    **d.**    Any party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

## 11.    UNINTENTIONAL FAILURE TO DESIGNATE

    If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION upon receipt of written notice from the Producing Party.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

## 12.    UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

    Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material.  If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents

or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. The Receiving Party having returned the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure. To the extent that any such inadvertently produced information was used, included, referenced or summarized in a pleading, deposition or other proceeding, in good faith, before a request for the return of the unintentionally produced information, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information.

13.    **INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

14.    **RESPONSIBILITY OF ATTORNEYS**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 6 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Designated Material except, as contemplated by this

13

Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under paragraphs 6 and 7 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to paragraph 15 of this Order.

15.    **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel may retain pleadings, attorney work product, consultant work product, and deposition transcripts for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

16.    **DISCLOSURE OF DESIGNATED MATERIAL AT TRIAL OR PRE-TRIAL HEARINGS**

This Order governs only discovery. At trial or on appeal, the parties will redesignate or redact confidential designations as deemed appropriate.

17.    **REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this action in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

18.    **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

19.    **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at

any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**20.  DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

**21.  ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater. The marking of Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

**22.  NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this lawsuit, seeking production or other disclosure of a Producing Party's Designated Material,

that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

**23.   UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

**24.   NOTICE**

Any and all written notice that is required to be given under any section of this Order may be performed via any method permitted under the Federal Rules of Civil Procedure, or via commercial courier service, facsimile or electronic mail, and shall be sent to the undersigned attorney(s) for the parties to this Order. Where this Order sets forth a deadline by which notice must be given, such notice must be received by said deadline.

**25.   COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any

Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**26.  NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**27.  EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed ATTORNEYS' EYES ONLY INFORMATION unless and until they are redesignated by the Producing Party or by further order of the Court.

**28.  TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

**DONE AND ORDERED this** 3 **of** March , 2006.

KMB
_____
The Honorable Richard M. Berman
United States District Judge

**APPROVED FOR ENTRY:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/06

29.  The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.



Dated: September 1, 2005

Respectfully submitted,
RUSS AUGUST & KABAT

By: _____
Irene Y. Lee

Marc A. Fenster (Pro Hac Vice)
California Bar No. 181067
E-mail: mfenster@raklaw.com
Irene Y. Lee (Pro Hac Vice)
California Bar No. 213625
E-mail: ilee@raklaw.com
12424 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

Juan Gonzalez (JG-6424)
E-mail: juan.gonzalez@lw.com
Latham & Watkins, LLP
885 Third Avenue, Suite 1000
New York, New York 10022-4834
Telephone: 212.906.1200
Facsimile: 212.751.4864

Attorneys for Plaintiffs and
Counterclaim Defendants
Absolute Software, Inc. and
Absolute Software Corp.

Dated: September 1, 2005

By: _____
Digitally signed by Bruce D. Katz, Esq.
DN: cn=Bruce D. Katz, Esq., c=US,
email=Katzlaw@nyc.rr.com

Bruce D. Katz, Esq (BK-2041)
E-mail: katzlaw@nyc.rr.com
225 Broadway, 37th Floor
New York, NY 10007
Telephone: 212.233.3434
Facsimile: 212.208.3060

Attorneys for Defendant and Counterclaimant
Brigadoon Software, Inc.

18